UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

BOBBIE JACKSON, IV,

Petitioner,

v. Case No. 3:25-cv-69-MMH-LLL

SECRETARY OF THE FLORIDA
DEPARTMENT OF CORRECTIONS,

Respondent.

---

**ORDER**

**I. Status**

Bobbie Jackson, IV, an inmate of the Florida penal system, initiated this action on January 13, 2025,[1] by filing a pro se Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 (Petition; Doc. 1). On April 18, 2025, Jackson filed an Amended Petition (Amended Petition; Doc. 5), in compliance with the Court's Order (Doc. 4) directing him to use the standard § 2254 petition form. In the Amended Petition, Jackson challenges a 2017 state court (Duval County, Florida) judgment of conviction for armed burglary and armed trespassing. He raises sixteen grounds for relief. See Amended Petition at 4–22.[2] Respondent

---

[1] See Houston v. Lack, 487 U.S. 266, 276 (1988) (mailbox rule).
[2] For all documents filed in this case, the Court cites to the document and page numbers as assigned by the Court's electronic case filing system.

submitted a memorandum in opposition to the Amended Petition, arguing that the action is untimely. See Motion to Dismiss as Untimely and Response to Amended Petition for Writ of Habeas Corpus (Response; Doc. 16). Respondent also submitted exhibits. See Docs. 16-2 through 16-62, 17-1, 17-2. Jackson filed a brief in reply (Reply; Doc. 18). Jackson also filed Petitions for Writ of Mandamus (Docs. 21, 23), a Motion for Joinder (Doc. 24), and a Motion for Oral Argument (Doc. 25). This action is ripe for review.

## II. Relevant Procedural History

In 2017, the State of Florida filed a third amended information, charging Jackson with two counts of armed burglary (counts one and two). Doc. 16-6 at 2–3; Doc. 16-23 at 6. After a three-day trial, on November 8, 2017, a jury found Jackson guilty as charged in count one and guilty of the lesser-included offense (armed trespass) in count two. Doc. 16-11 at 702–03; Doc. 16-23 at 8–11. At sentencing, on January 11, 2018, the circuit court found that Jackson qualified as a Prison Releasee Reoffender pursuant to Florida Statutes § 775.082(9) and sentenced him to life imprisonment as to count one, Doc. 16-17 at 100–02, 108–17; Doc. 16-23 at 15–23, and to time served as to count two, Doc. 16-17 at 115–17; Doc. 16-23 at 15.[3]

---

[3] Before the circuit court imposed a sentence, Jackson had an outburst and was removed from the courtroom. Doc. 16-17 at 104–08. The circuit court determined that Jackson voluntarily absented himself from the courtroom, and, based on the totality

Jackson, through counsel, filed a direct appeal. See Docs. 16-18, 16-19. Before filing his initial brief on appeal, Jackson submitted to the circuit court a motion to vacate his judgment and sentence pursuant to Florida Rule of Criminal Procedure (Rule) 3.850 and a motion to correct illegal sentence pursuant to Rule 3.800(a). See Doc. 16-1 at 3–4. The circuit court dismissed the motions in February 2018 while his direct appeal was still pending. Id. On July 19, 2019, the First District Court of Appeal (First DCA) per curiam affirmed Jackson's convictions and sentences without a written opinion, see Jackson v. State, 275 So. 3d 1185 (Fla. 1st DCA 2011) (Table) (1D18-0252). Doc. 16-21 at 3–4. The First DCA issued the mandate on August 9, 2019. Doc. 16-21 at 2.

On November 5, 2019, Jackson submitted for mailing a second Rule 3.800(a) motion, which the circuit court denied on November 20, 2019. Doc. 16-22 at 2–8; Doc. 16-23 at 5. The First DCA per curiam affirmed the denial without a written opinion on August 18, 2020, and issued the mandate on September 15, 2020, see Jackson v. State, 300 So. 3d 1131 (Fla. 1st DCA 2020) (Table) (1D20-0086). Doc. 16-26 at 2–4.[4]

---

of his behavior, the court decided to proceed with sentencing without Jackson present—although his counsel was present. Id.

[4] While the second Rule 3.800(a) proceedings were pending, Jackson filed a petition alleging ineffective assistance of appellate counsel with the First DCA, which the First DCA dismissed for failure to file an amended petition that complied with Florida Rule of Appellate Procedure 9.141(d)(4). Doc. 16-28 at 2; Doc. 16-29 at 2.

On December 5, 2019,[5] Jackson submitted a second Rule 3.850 motion, titled "Motion for Newly Discovered Evidence." Doc. 16-30 at 2. On December 13, 2019, the circuit court dismissed the Rule 3.850 motion without prejudice for failure to comply with the oath and language requirements set forth in Rule 3.850(c) and (n)(2), and granted him leave to amend. Doc. 16-62 at 2–3. Jackson thereafter filed two amended Rule 3.850 motions and the circuit court denied both motions on June 7, 2021. Doc. 16-33 at 2–7; see Docs. 16-31, 16-32. The First DCA affirmed the denial per curiam without a written opinion on September 10, 2021, and issued the mandate on October 8, 2021, see Jackson v. State, 324 So. 3d 473 (Fla. 1st DCA 2021) (Table) (1D2021-205). Doc. 16-35 at 2-4. While the Rule 3.850 proceedings were pending, Jackson filed his third and fourth Rule 3.800(a) motions, which the circuit court denied. Doc. 16-36 at 2; Doc. 16-37 at 2–3; Doc. 16-38 at 2; Doc. 16-39 at 2–3. Jackson did not appeal the denial of either his third or fourth Rule 3.800(a) motion.

Jackson submitted a fifth Rule 3.800(a) motion on May 6, 2022. Doc. 16-40 at 2. The circuit court denied the motion on May 27, 2022. Doc. 16-41 at 2–4. The First DCA affirmed the denial per curiam without a written opinion on November 17, 2022, and issued the mandate on December 15, 2022, see

[5] While Respondent says Jackson submitted the motion to prison officials for mailing on December 4, 2019, the prison date stamp reflects December 5, 2019. Petition at 11; Doc. 16-30 at 2.

Jackson v. State, 350 So. 3d 1241 (Fla. 1st DCA 2022) (Table) (1D22-2038). Doc. 16-44 at 2–4. Jackson next filed a notice to invoke discretionary jurisdiction with the Florida Supreme Court. Doc. 16-45 at 2–3. On December 28, 2022, the Florida Supreme Court dismissed the notice for lack of jurisdiction. Doc. 16-46 at 2–3.[6]

On November 10, 2022, Jackson submitted a sixth Rule 3.800(a) motion, which the circuit court denied on December 29, 2022. Doc. 16-56 at 2; Doc. 16-57 at 2–4. Jackson did not appeal that denial.

On October 27, 2023, Jackson submitted for mailing his seventh Rule 3.800(a) motion, which he amended on December 4, 2023. Doc. 16-50 at 2; Doc. 16-51 at 2. On January 19, 2024, the circuit court denied his motions as untimely and successive under Rule 3.850(b) and (h)(2) to the extent that he was challenging the validity of his convictions.[7] Doc. 16-52 at 2–4. The circuit court denied his claims on the merits to the extent that he challenged the legality of his sentence. Id. The First DCA per curiam affirmed the denial without issuing a written opinion on May 28, 2024, and denied Jackson's

[6] While his fifth Rule 3.800(a) motion was pending on appeal, Jackson also filed a petition for writ of habeas corpus with the Florida Supreme Court, which the Florida Supreme Court dismissed. Doc. 16-48 at 2–18; Doc. 16-49 at 2.

[7] In addition, the circuit court concluded that Jackson's claims were barred under the law of the case and collateral estoppel doctrines because he had "repeatedly raised many—if not all—of these same claims in prior [R]ule 3.800(a) motions" which were all denied. Doc. 16-52 at 3.

requests for a written opinion and rehearing on July 12, 2024.[8] See Docs. 16-53 through 16-55. The mandate issued on August 12, 2024. Doc. 16-55 at 2.

The circuit court separately issued an order finding that "many, if not all" of Jackson's claims in his seventh Rule 3.800(a) motion were frivolous, malicious, and a bad faith abuse of process. Doc. 16-61 at 150–52. Therefore, it directed Jackson to show cause why he should not be barred from future pro se filings. Id. On April 11, 2024, the circuit court issued an order barring Jackson from filing any future pro se pleadings unless signed by a member in good standing with the Florida Bar. Id. at 2–4.

On October 21, 2024, Jackson submitted for mailing a petition for writ of habeas corpus with the Florida Supreme Court, which was denied on January 7, 2025. Doc. 16-59 at 2; Doc. 16-60 at 2.

## III. One-Year Limitations Period

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) imposes a one-year statute of limitations on petitions for writ of habeas corpus. Specifically, 28 U.S.C. § 2244 provides:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—

[8] See also Jackson v. State, 391 So.3d 968 (Fla. 5th DCA 2024) (Table) (5D2024-038), reh'g denied (July 12, 2024).

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

## IV. Analysis

Respondent contends that Jackson has not complied with the one-year period of limitations set forth in 28 U.S.C. § 2244(d). Response at 14–18.

As Jackson's convictions and sentences became final after the effective date of AEDPA, his Petition, as amended, is subject to the one-year limitations period.[9] See 28 U.S.C. § 2244(d)(1). Because Florida law does not permit the Florida Supreme Court to review an affirmance without an opinion, see Fla. R. of App. P. 9.030(a)(2), Jackson's convictions and sentences became final when the time for filing a petition for certiorari review in the United States Supreme Court expired. See Chamblee v. Florida, 905 F.3d 1192, 1198 (11th Cir. 2018). The time for Jackson to file a petition for writ of certiorari expired on October 17, 2019 (ninety days after July 19, 2019). See Chavers v. Sec'y, Fla. Dep't of Corr., 468 F.3d 1273, 1275 (11th Cir. 2006) (affording the 90-day grace period to a Florida petitioner whose conviction was affirmed by a court of appeal in an unelaborated per curiam decision). When Jackson did not file a petition for writ of certiorari, his judgment and sentence became final on October 17, 2019. The next day, October 18, 2019, the one-year statute of limitations began to run, and Jackson had until Monday, October 19, 2020, to

[9] Because Jackson's Amended Petition is virtually identical to the original Petition, it relates back to the filing date of the original Petition. See Mayle v. Felix, 545 U.S. 644, 648 (2005) (stating that "pleading amendments relate back to the filing date of the original pleading when both the original plea[ding] and the amendment arise out of the same 'conduct, transaction, or occurrence'") (citing Fed. R. Civ. P. 15(c)(2)).

file a federal habeas petition.[10] Therefore, this case is due to be dismissed as untimely unless Jackson can avail himself of the statutory provisions which extend or toll the limitations period.

The one-year limitations period ran for 18 days until it was tolled by Jackson filing his second Rule 3.800(a) motion on November 5, 2019.[11] The First DCA issued its mandate affirming the denial of that Rule 3.800(a) motion on September 15, 2020, but prior to the First DCA's ruling, Jackson filed with the circuit court a Rule 3.850 motion on December 5, 2019, which further tolled the limitations period. The statute of limitations remained tolled until the First DCA issued its mandate affirming the denial of his Rule 3.850 motion on October 8, 2021.

The limitations period resumed the next day, on October 9, 2021, and ran for another 209[12] days until it was tolled on May 6, 2022, when Jackson submitted his fifth Rule 3.800(a) motion for mailing. The First DCA issued its mandate affirming the denial of that Rule 3.800(a) motion on December 15, 2022. However, while the appeal was pending, Jackson filed with the circuit court a sixth Rule 3.800(a) motion on November 10, 2022, which continued the

---

[10] Because the one-year ended on Sunday, October 18, 2020, the statute of limitations period expired on Monday, October 19, 2020. See Fed. R. Civ. P. 6(a)(1)(C).

[11] Respondent incorrectly calculates that 19 days elapsed during this period and that 346 days remained. Response at 16.

[12] Respondent incorrectly states that 210 days elapsed during this period and that 136 days remained. Response at 17.

tolling of his limitations period. The trial court denied his sixth Rule 3.800(a) motion on December 29, 2022. Jackson did not appeal the denial, so his limitations period remained tolled until the time for him to file an appeal expired, which was Monday, January 30, 2023.[13] See Fla. R. App. P. 9.110(b) (providing that under Florida law, a party must file a notice of appeal "within 30 days of rendition of the order to be reviewed."). Although Jackson did not appeal the denial of his sixth Rule 3.800(a) motion, the period remained tolled until the thirty-day period for filing an appeal expired. See Carey v. Saffold, 536 U.S. 214, 217 (2002) (holding that an application for state collateral review remains "pending" in the state courts for purposes of § 2244(d)(2) during "the time between a lower state court's decision and the filing of a notice of appeal to a higher state court"); see also Lawrence v. Florida, 549 U.S. 327, 332 (2007) (stating that "a state postconviction application 'remains pending' 'until the application has achieved final resolution through the State's postconviction procedures'" (citing Carey, 536 U.S. at 220)); Cramer v. Sec'y, Dep't of Corr., 461 F.3d 1380, 1381–83 (11th Cir. 2006) (holding that the time during which a petitioner could have sought an appeal of the denial of his Rule 3.850 motion

---

[13] Because the 30th day fell on Saturday, January 28, 2023, the statute of limitations period was tolled until the following Monday, June 20, 2023. See Fed. R. Civ. P. 6(a)(1)(C).

tolled the limitations period, even if the petitioner did not in fact seek appellate review, because the claim remains "pending" for purposes of § 2244(d)(2) until the time to file an appeal expires); Lowe v. Inch, No. 3:20-cv-5060-LC-MJF, 2020 WL 8084257, *3 (N.D. Fla. Nov. 19, 2020) (finding the limitations period was statutorily tolled until the thirty-day period to appeal the trial court's denial of petitioner's Rule 3.850 postconviction motion expired), rep. & recommendation adopted, 2021 WL 66409 (N.D. Fla. Jan. 7, 2021).[14]

The limitations period resumed on January 31, 2023, and ran until it expired 138 days later, on Tuesday, June 20, 2023.[15] Jackson did not file his Petition until January 13, 2025, well after the one-year limitations period expired.

Although the record shows that Jackson filed a Rule 3.800(a) motion on October 27, 2023, and a state habeas petition on October 21, 2024, those filings did not revive the already-expired limitations period. See Webster v. Moore, 199 F.3d 1256, 1259 (11th Cir. 2000) ("A state-court petition . . . that is filed

---

[14] The Court notes that although decisions of other district courts are not binding, they may be cited as persuasive authority. See Stone v. First Union Corp., 371 F.3d 1305, 1310 (11th Cir. 2004) ("Although a district court would not be bound to follow any other district court's determination, the decision would have significant persuasive effects.").

[15] Because the 138th day fell on Sunday, June 18, 2023, and the following Monday was a federal holiday, the statute of limitations period expired on Tuesday, June 20, 2023. See Fed. R. Civ. P. 6(a)(1)(C).

following the expiration of the limitations period cannot toll that period because there is no period remaining to be tolled."). Therefore, the Petition is untimely.

Because the Petition is untimely filed, it is due to be dismissed unless Jackson can establish either equitable tolling or actual innocence. Jackson does not argue that he is entitled to equitable tolling. However, in the Reply, Jackson requests that this Court "excuse the untimely petition" based on alleged "manifest injustice." Reply at 1-2. "When a prisoner files for habeas corpus relief outside the one-year limitations period, a district court may still entertain the petition if the petitioner establishes that he is entitled to equitable tolling." Damren v. Florida, 776 F.3d 816, 821 (11th Cir. 2015). The United States Supreme Court has established a two-prong test for the application of equitable tolling, stating that a petitioner must show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." Holland v. Florida, 560 U.S. 631, 649 (2010) (quotations and citation omitted). As an extraordinary remedy, equitable tolling is "limited to rare and exceptional circumstances and typically applied sparingly." Cadet v. Fla. Dep't of Corr., 853 F.3d 1216, 1221 (11th Cir. 2017) (quotations and citation omitted). The burden is on Jackson to make a showing of extraordinary circumstances that "are both beyond his

control and unavoidable even with diligence." Howell v. Crosby, 415 F.3d 1250, 1251 (11th Cir. 2005) (quotations and citation omitted); Wade v. Battle, 379 F.3d 1254, 1265 (11th Cir. 2004) (citations omitted). Here, Jackson presents no allegations that would support due diligence or extraordinary circumstances beyond his control. See Holland, 560 U.S. at 649; Cadet, 853 F.3d at 1221. Nor does he claim actual innocence as a gateway to federal habeas review. See McQuiggin v. Perkins, 569 U.S. 383, 386 (2013). As such, the Court will dismiss this case with prejudice pursuant to 28 U.S.C. § 2244(d).

## V. Certificate of Appealability Pursuant to 28 U.S.C. § 2253(c)(1)

If Jackson seeks issuance of a certificate of appealability, the undersigned opines that a certificate of appealability is not warranted. The Court should issue a certificate of appealability only if the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make this substantial showing, Jackson "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further.'" Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n.4 (1983)).

Where a district court has rejected a petitioner's constitutional claims on the merits, the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. See Slack, 529 U.S. at 484. However, when the district court has rejected a claim on procedural grounds, the petitioner must show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Id. Upon consideration of the record as a whole, the Court will deny a certificate of appealability.

Accordingly, it is

**ORDERED AND ADJUDGED:**

1. Respondent's request to dismiss the case as untimely (Doc. 16) is **GRANTED**, and this action is **DISMISSED WITH PREJUDICE**.

2. Jackson's Petitions for Writ of Mandamus (Docs. 21, 23), Motion for Joinder (Doc. 24), and Motion for Oral Argument (Doc. 25) are **DENIED as moot**.

3. The **Clerk of Court** shall enter judgment dismissing this case with prejudice.

4. If Jackson appeals the dismissal of the case, the Court denies a certificate of appealability. Because the Court has determined that a certificate of appealability is not warranted, the Clerk shall terminate from the pending motions report any motion to proceed on appeal as a pauper that may be filed in this case. Such termination shall serve as a denial of the motion.

5. The **Clerk** is directed to close this case and terminate any pending motions.

**DONE AND ORDERED** at Jacksonville, Florida, this 9th day of November, 2026.

Marcia Morales Howard

MARCIA MORALES HOWARD
Chief United States District Judge

CC-1

c: Bobbie Jackson, IV, #J50037
Counsel of Record